UNITED STATES DISTRICT COURT
ARIZONA – TUCSON

April 28, 2016

USA v. Paul Florio                                    Case Number: MJ-16-03020(003)-TUC-

### ORDER SETTING CONDITIONS OF RELEASE

Defendant is ORDERED released on PERSONAL RECOGNIZANCE (O/R).

**NEXT APPEARANCE:** as directed by the Court.

**DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS:**

FILED ___ LODGED
RECEIVED ___ COPY
APR 28 2016
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

1. Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.
2. Defendant shall not commit any federal, state or local crime.
3. Defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
4. Defendant shall IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR TO any change in residence address, mailing address or telephone number.
5. Defendant shall report as directed to the U.S. PRETRIAL SERVICES 1-800-758-7505 or 520-205-4350; 405 W. Congress St., Suite 2633.
6. Defendant shall not possess any **firearm**, destructive device, or other dangerous weapon.
7. Defendant shall maintain or actively seek verifiable **employment** and provide proof of such to Pretrial Services.
8. Defendant shall consume no alcohol. Defendant shall participate in alcohol treatment as directed by Pretrial Services and submit to alcohol testing, including breathalyzer testing and make copayment toward the cost of such services, as directed by Pretrial Services.
9. Defendant shall not use or possess a narcotic **drug** or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the Defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. Defendant shall participate in drug treatment as directed by Pretrial Services and submit to drug testing, including urinalysis testing and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance abuse testing or monitoring which is (are) required as a condition of release.
10. Defendant shall surrender all travel documents to Pretrial Services by May 5, 2016 and will not obtain a passport or other travel document during the pendency of these proceedings.
11. Defendant shall abide by the following restrictions on his or her personal associations, place of abode or **travel**: NOT TRAVEL OUT OF THE STATE OF ARIZONA, UNLESS EXPRESS PRIOR COURT PERMISSION IS GRANTED TO TRAVEL

copies Dist.

ELSEWHERE.

### ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, forfeiture of bond, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine, or both. The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both:

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

### ACKNOWLEDGMENTS

| USA v. Paul Florio | Case Number: MJ-16-03020(003)-TUC- |
|---|---|
| **April 28, 2016** | Page 3 of 4 |

I, the Defendant, acknowledge I am aware of the conditions of my release. I promise to obey all conditions, appear as directed and surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF DEFENDANT |
|---|---|---|
| | *[signature]* | Ref Pretrial Services Report - not public record |

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| DATE | SIGNATURE OF CUSTODIAN |
|---|---|
| | |

I (We), the surety(ies), have read and understand the terms of this bond and conditions of release and acknowledge that I (we) are bound by this encumbrance until duly exonerated.

| DATE | SIGNATURE OF SURETY(IES) |
|---|---|
| | |

**Directions to United States Marshal:**

☒ The defendant is ORDERED released after processing.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions of release.

DATE April 28, 2016                          *Leslie A. Bowman*
                                             Leslie A Bowman
                                             U.S. Magistrate Judge

| Witnessed and acknowledged before: | |
|---|---|
| DATE | SIGNATURE OF WITNESS |
| 4-28-2016 | *[signature]* |

Pretrial Services, USM